**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

KITTY STAMPEDE INC.,

PLAINTIFF,

V.

THE PARTNERSHIPS IDENTIFIED ON SCHEDULE A,

DEFENDANTS.

CASE NO.: 2:26-CV-00552

**COMPLAINT**

Plaintiff, Kitty Stampede Inc. ("Kitty Stampede" or "Plaintiff"), by its undersigned counsel, hereby complains of the Partnerships identified on Schedule A ("Defendants"), which use the online marketplace accounts identified therein ("Defendant Internet Stores"), and for its Complaint hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, *et seq.*, 28 U.S.C. § 1338, and 28 U.S.C. § 1331.

2. This Court has personal jurisdiction over each Defendant because each Defendant purposefully directs commercial activity toward Indiana, including sales and shipments of Infringing Products to purchasers in Indiana, and Plaintiff's claims arise out of or relate to that activity.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, since each Defendant directly targets consumers in Indiana through fully interactive, commercial Internet stores. Each

Defendant is committing tortious acts, engaging in interstate commerce, and wrongfully causing substantial injury in the State of Indiana.

## JOINDER

4. Joinder is proper pursuant to Federal Rules of Civil Procedure 20(a)(2), as there is a logical relationship between and among all Defendants, and Plaintiff's right to relief stems from the same series of transactions or occurrences, and questions of law and/or fact common to all Defendants will arise in the action.

5. Plaintiff has filed, as **Exhibit 2** attached hereto, its Schedule A list of Defendant Internet Stores found to be selling Infringing Products. However, the true identities of the Defendants – i.e., the individuals and/or entities operating the Defendant Internet Stores – are not yet known.

6. While it is likely that a significant number of Defendant Internet Stores are operated by the same individual and/or entity, it is not until the third-party marketplaces produce registration data for these stores that Plaintiff is able to discover the true identity or identities of the individuals and/or entities operating the Defendant Internet Stores.

7. Given the likelihood that many, if not all, are operated by the same individual and/or entity, or group acting in concert, and for purposes of judicial efficiency, Plaintiff asserts that joinder of all Defendants is proper at this stage as severing the case would mean that multiple stores with the same operator would be adjudicated piecemeal and/or would need to be consolidated at a later date.

## INTRODUCTION

8. This action has been filed to combat the copyright infringement activity of Defendants, who trade upon Plaintiff's valuable copyrights by selling and/or offering for sale unauthorized products in connection with Plaintiff's federally registered copyrights.

9. Plaintiff, Kitty Stampede Inc., is the copyright holder and owner of several federally registered copyrights covering its artwork, the registration certificates for which are attached as **Exhibit 1** (hereinafter the "KS Copyrights"). The specific works covered by the KS Copyrights are identified in the table below.

| COPYRIGHTED IMAGES | | | |
|---|---|---|---|
| **KSC-1** (VA 2-490-061) | **KSC-3.1** (VA 2-485-211) | **KSC-3.2** (VA 2-485-163) | **KSC-4** (VA 2-490-067) |
|  |  |  |  |
| **KSC-5** (VA 2-490-068) | **KSC-9** (VA 2-490-070) | **KSC-10** (VA 2-490-066) | **KSC-12** (VA 2-490-078) |
|  |  |  |  |
| **KSC-13** (VA 2-490-064) | | **KSC-15.1** (VA 2-490-063) | |
|  | |  | |

10. In an effort to profit from the KS Copyrights, Defendants utilize online Defendant Internet Stores to advertise, offer for sale, and sell products which reproduce Plaintiff's artwork without its permission (herein "Infringing Products").

11. Plaintiff has been and continues to be irreparably damaged through loss of control over, and exclusivity of, its creative content protected by the KS Copyrights, as well as harm to Plaintiff's goodwill and reputation, among others, as a result of Defendants' actions and is thus seeking injunctive and monetary relief.

## THE PLAINTIFF

12. Kitty Stampede is a private corporation based in Cornwall, Prince Edward Island, Canada. The business was originally founded in 2013 and sells products and designs through its Etsy and Amazon storefronts.

13. Kathleen Cassidy, one of Kitty Stampede's owners, is an illustrator and creative whose artwork and designs primarily showcase cats in an array of humorous and satirical situations. These designs evoke the personality, charm, and sass associated with cats and allow consumers to add those same elements to their space and style.

14. Among the products offered for sale through Kitty Stampede are prints, cards, calendars, ornaments, mugs, totes, and clothing which utilize the designs created by Ms. Cassidy ("KS Products").

15. Kitty Stampede is the exclusive authorized source of the artwork and designs covered by the KS Copyrights and of products incorporating those works.

16. Kitty Stampede expends significant time, energy, money, and resources creating artwork and designs for its stores and marketing KS Products.

17. The success of KS Products has resulted in significant copyright infringement leading Kitty Stampede to implement an intellectual property enforcement program to identify ecommerce stores that manufacture, offer for sale, sell, or import Infringing Products which reproduce its KS Copyrights. To illustrate, Plaintiff sold over 1,000 units of its "Cats Chillin' with Coffee" calendar in 2025. After unauthorized versions appeared on ecommerce stores at lower prices, sales of the 2026 version of that calendar declined to 264 units while sales of other KS Products remained consistent.

18. Plaintiff has not authorized any Defendant to use the KS Copyrights or to act as a licensee or reseller of authentic KS Products.

## THE DEFENDANTS

19. Defendants are the persons and business entities operating the Defendant Internet Stores identified on Schedule A. Their complete legal identities and locations remain to be determined through discovery. On information and belief, they all reside in foreign jurisdictions.

20. Defendants, either individually or jointly, operate interactive commercial Defendant Internet Stores on various marketplaces including AliExpress, Amazon, eBay, Shopify, Fruugo, SHEIN, Temu, and Walmart (collectively, the "Online Marketplaces").

## THE DEFENDANTS' UNLAWFUL CONDUCT

21. Each Defendant Internet Store uses the KS Copyrights without authorization to do so, in connection with the manufacturing, marketing, offering for sale, selling, and distributing of Infringing Products into the United States, and, specifically, Indiana and this Judicial District.

22. Plaintiff provides supporting evidence of infringement which depicts the Defendant Internet Stores' unauthorized display and reproduction of one or more of the KS Copyrights in its product listings and on its Infringing Products. See **Exhibit 3**.

23. Each Defendant has directed sales of at least one Infringing Product to purchasers in Indiana. Plaintiff relies on the defendant-specific purchase records supporting those transactions which are also included in **Exhibit 3**.

24. Defendants' unauthorized use of the KS Copyrights diverts potential purchasers from authentic KS Products to the Defendant Internet Stores. Kitty Stampede has received inquiries from consumers questioning whether Infringing Product listings are authentic along with communications from consumers reporting purchases of Infringing Products that they believed to be authentic.

25. On information and belief, Defendants operate in a collective and organized manner, often monitor intellectual property infringement litigation alert websites, are in continuous and active concert with one another, are in frequent communication with each other – utilizing online chat platforms and groups, and use these collective efforts in an attempt to avoid liability and intellectual property enforcement efforts. Furthermore, there is a substantial evidentiary overlap in Defendants' behavior, conduct, and individual acts of infringement, thus constituting a collective enterprise.

26. Defendants likely concealed their identities when registering their Defendant Internet Stores by: (1) using fictitious names and physical addresses which are incomplete, contain randomly typed letters, or fail to include cities and other relevant information; (2) using privacy services that conceal the owners' identity and contact information; and (3) creating multiple online marketplace accounts on various platforms using several fictitious names and addresses. This is done with the intention of concealing their identities, the full scope and interworking of their infringing operation, and to avoid being shut down.

27. Further, ecommerce store operators, like Defendants, typically operate multiple payment processor and merchant accounts, including but not limited to, one or more financial

accounts operated through Online Marketplaces and payment processors such as PayPal, Payoneer, Stripe, and Alipay (collectively, "Payment Processors"), and hide behind layers of payment gateways so they can continue operation in spite of any enforcement efforts.

28. Defendants, without any authorization or license, have knowingly and willfully infringed the KS Copyrights in connection with the advertisement, distribution, offering for sale, and sale of Infringing Products into the United States and Indiana.

29. In committing these acts, Defendants have, willfully and in bad faith, committed the following, all of which have and will continue to cause irreparable harm to the Plaintiff: infringed upon and copied the KS Copyrights; created, manufactured, sold, and/or offered to sell Infringing Products; and unfairly and unjustly profited from such activities at the expense of Kitty Stampede.

30. Unless enjoined, Defendants will continue to cause irreparable harm to Kitty Stampede.

**<u>COUNT I</u>**
**COPYRIGHT INFRINGEMENT (17 U.S.C. § 501(a))**

31. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

32. Plaintiff owns the copyrights and exclusive rights in the KS Copyrights. Each of the ten registrations has an effective registration date of November 21, 2025.

33. Defendants had access to the KS Copyrights through Plaintiff's normal business activities. After accessing Plaintiff's work, Defendants wrongfully created copies of the copyrighted work without Plaintiff's consent, and engaged in, and continue to engage in acts of widespread infringement.

34. Plaintiff alleges that Defendants made, or caused to be made, unauthorized reproductions or derivative works of the KS Copyrights without Plaintiff's consent.

35. Defendants, without the permission or consent of the Plaintiff, have used the KS Copyrights to advertise, promote, and sell online Infringing Products.

36. Each Defendant has violated one or more of Plaintiff's exclusive rights of reproduction, distribution, and public display protected under 17 U.S.C. § 106, and thereby infringed Plaintiff's copyrights under 17 U.S.C. § 501.

37. Further, as a direct result of the Defendants' acts of copyright infringement, Defendants have obtained profits they would not have otherwise realized but for their infringement of the KS Copyrights. Kitty Stampede is entitled to disgorgement of Defendants' profits, directly and indirectly, attributable to said infringement.

38. As a result of each Defendant's infringement of Plaintiff's exclusive rights under U.S. Copyright Law, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504.

39. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured monetarily.

40. Plaintiff has no adequate remedy at law. As such, pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing the KS Copyrights and ordering that each Defendant destroy all copies and reproductions of Plaintiff's copyrighted works.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1) That Defendants, and all persons and/or entities acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. using the KS Copyrights or any reproductions, copies, or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized KS Product, or is not authorized by Plaintiff to be sold in connection with the KS Copyrights;

b. passing off, inducing, or enabling others to sell or pass off any product not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale using the KS Copyrights;

c. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which bear, or are derived from, the KS Copyrights; and,

d. further infringing the KS Copyrights and damaging Plaintiff's goodwill.

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any Online Marketplaces and Payment Processors, and any related entities, social media platforms, Internet search engines, web hosts, and domain name registrars, shall disable and suspend all product listings used by Defendants which bear, or are derived from, the KS Copyrights.

3) That Defendants account for, and pay to, Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged;

4) For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in its federally registered copyrights pursuant to 17 U.S.C. §501; and, b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

5) That Plaintiff be awarded actual damages and any additional profits of Defendants attributable to the infringement pursuant to 17 U.S.C. § 504(b), or, at Plaintiff's election and to the extent available, statutory damages pursuant to 17 U.S.C. § 504(c);

6) That Plaintiff be awarded its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and,

7) Any and all other relief that this Court deems just and proper.

Dated: November 9, 2026

Respectfully submitted,

*/s/ Alison K. Carter*

Ann Marie Sullivan
Alison K. Carter

**SULLIVAN & CARTER, LLP**
111 W. Jackson Blvd. Ste 1700
Chicago, Illinois 60604
www.scip.law
929-724-7529
a.carter@scip.law

***ATTORNEYS FOR PLAINTIFF***